IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC | § § | |
| v. | § § | Case No. 2:12-CV-568-JRG-RSP |
| EL POLLO LOCO INC. | § § | |

### MEMORANDUM ORDER

Before the Court is Defendant El Pollo Loco Inc.'s ("EPL") Motion to Transfer Venue to the Central District of California (Dkt. No. 3, filed August 31, 2012). EPL argues that the Central District of California is a clearly more convenient forum for this case. Plaintiff DietGoal Innovations LLC opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Central District of California is a clearly more convenient venue.

### APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.  The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*").  Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319.  Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive.  *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

**A.     Proper Venues**

Neither party has asserted that venue would not be proper in the Central District of California. Although the Court believes EPL's argument that venue is improper in the Eastern District of Texas to be unavailing, the Court's decision to transfer the case to the Central District of California renders a formal decision to that effect unnecessary.

**B.     Factors**

The court has considered the cost of attendance for willing witnesses, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Further, the court has considered local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, administrative difficulties flowing from court congestion, and avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Based on the above factors, the Court finds that EPL has met their burden of showing that the Central District of California is a clearly more convenient venue.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that Central District of California is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Central District of California.

**SIGNED this 16th day of July, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE